# Given's Estate.

*Wills—Probate—Citation—Res adjudicata—Estoppel.*

On the death of decedent there were found two wills.   In proceedings
to contest the second will certain grandchildren of decedent were not
cited, but a daughter of the decedent was cited to appear.   This will
was sustained as valid.   Subsequently an appeal was taken from the
register's decree probating the first will.   In this proceeding the grand-
children and the daughter were duly cited, and it was conceded therein
that the second will was valid and the court accordingly decreed the
vacation of the first will.   Thereafter the daughter petitioned for an
appeal from the probate of the second will which had been duly pro-
bated after the first will had been vacated.   *Held*, that the daughter
was estopped from contesting the validity of the second will.

Argued Feb. 7, 1911.   Appeal, No. 296, Jan. T., 1910,
by Mary J. Smith, from decree of O. C. Chester Co., dis-
missing petition for an issue devisavit vel non in Estate
of Mary Given, deceased.   Before Fell, C. J., Brown,
Elkin, Stewart and Moschzisker, JJ.   Affirmed.

Petition for an issue devisavit vel non.

From the record it appeared that when testatrix died
she left two wills, one dated February 26, 1898, the other
dated August 6, 1905.   The first was probated October 6,
1906, the testatrix having died on September 10, 1906.
On August 26, 1907, the second will was probated.   On
September 21, 1908, an appeal was taken from the probate
of the second will by the executors named in the first will.
On October 12, 1908, Mary J. Smith, the appellant, a
daughter of the decedent, was served with the citation
on the appeal.   The decedent's grandchildren, children of
a deceased daughter, were not mentioned in the citation
nor were they served.   Subsequently an issue was framed
and on February 20, 1909, was tried, and a verdict was
rendered sustaining the second will.   At the trial the
appellant was present.   On March 29, 1909, the executors
of the second will appealed from the decree probating

the first will.  In this proceeding the citation was served on the appellant and on all parties in interest.  On July 6, 1909, there was a hearing in this appeal and the second will was offered in evidence to defeat the first will, and the decree of probate of the first will was set aside.  On July 27, 1909, the second will was formally probated.  On January 27, 1910, Mary J. Smith appealed to the orphans' court from the decree of July 27, 1909, probating the second will.  On April 11, 1910, this appeal was dismissed.

BUTLER, J., filed the following opinion:

If it be conceded that when the issue of forgery on the second will was determined, the court had no jurisdiction of the matter because of the failure to bring in certain grandchildren of the decedent, and that the petitioner who was duly brought in, can take advantage of this circumstance and is to be looked upon as not then having had her day in court, certainly she is concluded by the proceedings and decree upon the subsequent appeal from the action of the register in probating the first will.  Then the petitioner and all other proper parties were regularly in court, the second will was presented as a matter of evidence to defeat the earlier will, the validity of the second will, the due execution of which had recently been determined, was conceded, and thereupon this court decreed the vacation of the probate of the will of earlier date.  The register then admitted to probate the will of later date.  Under these facts the petitioner may not now contest the validity of this will.

The petition for an issue is denied, and the appeal is dismissed.

*Error assigned* was decree dismissing the appeal.

*M. J. O'Callaghan,* with him *A. M. Holding,* for appellant.

*J. Frank E. Hause,* for appellees.

PER CURIAM, May 17, 1911:

The order dismissing the petition for an issue is affirmed on the opinion of the learned judge of the orphans' court.